United States District Court
Southern District of Texas
**ENTERED**
October 27, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| EDNA MYRTLE HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-26-3455 |
| | § | |
| COVINGTON SPECIALTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

This dispute arises out of the denial of a claim for property damage. (Docket Entry No. 1 at 1). Based on the pleadings, the motions, the record, and the applicable law, the court denies the motion to remand, (Docket Entry No. 10), and grants the motion to dismiss for lack of capacity, (Docket Entry No.4). The motion to limit fees, (Docket Entry No. 6), is dismissed without prejudice as moot.

## I. Background

Edna Myrtle Holdings, LLC owns and operates a fitness facility in Houston, Texas. (Docket Entry No. 1-4 at 3). Edna Myrtle maintained a property and casualty insurance policy with Covington Specialty Insurance Company. (Docket Entry No. 15-1 at 3). On or around July 10, 2024, a weather event caused the property's roof to leak. (Docket Entry No. 1-4 at 3). As a result of the leak, the property sustained "water intrusion throughout the structure." (*Id.*). Edna Myrtle filed a claim for the property damage. (Docket Entry No. 6-1 at 1). On September 5, 2024, Covington denied Edna Myrtle's claim, alleging that the roof had "pre-existing damages" not covered under the policy. (Docket Entry No. 1-4 at 4). On July 1, 2025, Edna Myrtle sent

Covington a formal demand letter challenging the claim denial as improper and invoking the appraisal process to resolve the disputed amount of loss. (Docket Entry No. 13 at 13). Covington has not paid the claim and has not engaged in the appraisal process. (Docket Entry No. 1-4 at 4–5).

Edna Myrtle filed suit against Covington on February 27, 2026, in state court, asserting claims for breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Consumer Protection Act, and breach of the duty of good faith and fair dealing. (Docket Entry No. 1-4). Edna Myrtle sought actual damages, consequential damages, statutory interest penalties, treble damages, attorneys' fees, pre-judgment interest, post-judgment interest, and costs of suit. (*Id*. at 8). Edna Myrtle stated it was "seeking only monetary relief totaling $250,000 or less, excluding post-judgment interest. [Edna Myrtle] is not seeking and will not accept more than $75,000 excluding interest and costs." (Docket Entry No. 10-1 at 3). Edna Myrtle filed a stipulation in state court "expressly limiting its recovery to less than $75,000, exclusive of interest and costs." (Docket Entry No. 10 at 2).

On April 29, 2026, Covington removed the case under 28 U.S.C. § 1332. (Docket Entry No. 1). Edna Myrtle filed an opposed motion to remand, arguing that the stipulation limits the amount in controversy and defeats diversity jurisdiction. (Docket Entry No. 10). Covington argues that the stipulation is not binding because (1) "[p]laintiff needed to stipulate that it does not seek and would not accept more than $75,000.00"; (2) Edna Myrtle "has not established to a legal certainty that it seeks $75,000.00 or less and would not accept more than $75,000.00 because"; (3) the stipulation was not attached to the original petition; (4) the stipulation "appears to be a generic, form document that makes no reference to" Edna Myrtle or the lawsuit; and (5) the stipulation is not signed by Edna Myrtle, only its counsel. (Docket Entry No. 1 at 6–10).

On May 6, 2026 Covington filed a motion to dismiss for lack of capacity, (Docket Entry No. 4), because "the Texas Secretary of State forfeited Plaintiff's charter (i.e., certificate of organization), certificate, or registration." (Docket Entry No. 4 at 2). In its reply, Edna Myrtle confirmed that on February 21, 2025, "the Texas Secretary of State forfeited Edna Myrtle Holdings's charter, certificate, or registration pursuant to Section 171.309 of the Texas Tax Code." (Docket Entry No. 9 at 1).

## II. The Legal Standard

### A. Remand

Federal courts have original jurisdiction over all civil actions between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). "The party seeking to assert federal jurisdiction . . . has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). Courts must "remain[ ] vigilant to the potential for manipulation by the plaintiff who prays for damages below the jurisdictional amount even though he knows that his claim is actually worth more." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 n.18 (5th Cir. 1998). The court "look[s] only at the face of the complaint" to evaluate the amount in controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). "When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [the jurisdictional amount]." *De Aguilar v. Boeing Co. (De Aguilar I)*, 11

F.3d 55, 58 (5th Cir. 1993) (citations omitted). "[I]f a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed . . ." *De Aguilar v. Boeing Co. (De Aguilar II)*, 47 F.3d 1404, 1411 (5th Cir. 1995). The amount in controversy is determined at the time of removal. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996). "Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, St. Paul makes later filings irrelevant." *De Aguilar II*, 47 F.3d at 1412 (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam) (referencing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938))).

**B. The Motion to Dismiss for Lack of Capacity**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Eli Lilly & Co. v. Revive Rx, LLC*, 812 F. Supp. 3d 708, 723 (S.D. Tex. 2025) (quoting *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007)).

## III. Analysis

### A. The Stipulation

The court "look[s] only at the face of the complaint" to evaluate the amount in controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). On the cover page of Edna Myrtle's complaint, it states it seeks "actual damages, statutory penalties, attorney's fees, and all other relief to which it may be entitled under law." (Docket Entry No. 1-4 at 1).

Edna Myrtle asserts multiple causes of action against Covington. First, Edna Myrtle alleges Covington breached the insurance contract by failing to pay the benefits owed for the covered loss. (Docket Entry No. 10-1 at 5). Second, Edna Myrtle alleges violations of Texas Insurance Code Chapter 541 and the Texas Prompt Payment of Claims Act under Chapter 542, asserting that Covington violated six statutory provisions: Sections 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4), 541.060(a)(7), 542.055, and 542.056. (*Id.* at 6). Third, Edna Myrtle alleges violations of the Texas Deceptive Trade Practices Consumer Protection Act, citing Sections 17.46(b)(12), 17.46(b)(23), 17.46(b)(24), and 17.50(a)(2). (*Id.* at 7). Fourth, Edna Myrtle alleges that Covington breached the duty of good faith and fair dealing by denying the claim without a reasonable basis and failing to conduct a proper investigation. (*Id.* at 8).

For violations of the Texas Insurance Code, Edna Myrtle seeks "actual damages, plus eighteen percent annual interest on the amount of the claim as provided by Section 542.060, attorney's fees, and such other relief as provided by law." (*Id.* at 6). For the deceptive trade

practice claims, Edna Myrtle seeks "economic damages, and because Defendant's conduct was committed knowingly, Plaintiff is entitled to additional damages not to exceed three times economic damages, plus attorney's fee as provided by Section 17.50." (*Id*. at 7). These statutory damage multipliers and mandatory fee-shifting provisions allow Edna Myrtle to recover above the jurisdictional threshold.

The stipulation Edna Myrtle filed with its state-court petition stated: (1) "[t]he total sum or value in controversy in this cause of action does not exceed $75,000.00 exclusive of interests and costs"; (2) "[t]he total damages sought by the Plaintiff in this cause of action does not exceed $75,000.00 exclusive of interests and costs"; (3) "[n]either Plaintiff nor their attorney will accept an amount that exceeds $75,000.00 exclusive of interests and costs"; and (4) "[p]laintiff and their attorney understand and agree that Plaintiff's recovery is limited to an amount less than $75,000.00 exclusive of interests and costs." (Docket Entry No. 1-4 at 11). Edna Myrtle valued the claim at $307,128.05 in the pre-suit notice sent to Defendant. (Docket Entry No. 13 at 13, Exhibit 2).

"[F]ederal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013). "Stipulations must be binding." *Id*. at 592. "[P]laintiffs are required to demonstrate to a legal certainty that they cannot recover more than the jurisdictional amount." *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 388 (5th Cir. 2009)

A district court in Texas has found a stipulation to be binding when it contained "statements that further delineate what types of damages [the plaintiff] limits: all monetary and non-monetary damages (including 'actual damages, punitive damages, attorney fees, reinstatement or other non-monetary recovery, or any other possible category of recovery'), excluding interest and costs."

*Rocha v. Balfour Beatty Mil. Hous. Mgmt., LLC*, No. EP-16-CV-358-DB, 2016 WL 11546852, at *5 (W.D. Tex. Oct. 7, 2016). Further, the plaintiff's stipulation in *Rocha* "'waive[d] any recovery' 'in excess of $ 74,999, plus interest and costs' and swears that she will not execute on any portion of a judgment exceeding that amount." *Id.*

Edna Myrtle's stipulation does not demonstrate to a legal certainty that it cannot recover more than the jurisdictional amount. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 388 (5th Cir. 2009). The stipulation limits Edna Myrtle's recovery to $75,000 "exclusive of interests and costs," but the stipulation does not specifically disclaim the statutory damages categories Edna Myrtle seeks, including treble damages under the DTPA and eighteen-percent statutory interest under Texas Insurance Code § 542.060. (*Compare* Docket Entry No. 1-4 at 8 *with* Docket Entry No. 1-4 at 11). Unlike the stipulation in *Rocha*, Edna Myrtle's stipulation does not "further delineate what types of damages" are limited, does not identify "all monetary and non-monetary damages," and does not contain a waiver of execution on any judgment exceeding the jurisdictional amount. *See Rocha v. Balfour Beatty Mil. Hous. Mgmt., LLC*, No. EP-16-CV-358-DB, 2016 WL 11546852, at *5 (W.D. Tex. Oct. 7, 2016). Because the stipulation does not irrevocably bind Edna Myrtle to recovery below the jurisdictional amount, it is not binding. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) ("Stipulations must be binding.").

**B. The Lack of Capacity**

On May 6, 2026 Covington filed a motion to dismiss for lack of capacity, (Docket Entry No. 4), because "the Texas Secretary of State forfeited Edna Myrtle Holdings's charter (i.e., certificate of organization), certificate, or registration." (Docket Entry No. 4 at 2). In its reply, Edna Myrtle confirmed that on February 21, 2025, "the Texas Secretary of State forfeited

Plaintiff's charter, certificate, or registration pursuant to Section 171.309 of the Texas Tax Code." (Docket Entry No. 9 at 1). Section 171.309 of the Texas Tax Code states:

> The secretary of state may forfeit the charter, certificate, or registration of a taxable entity if:
>
> (1) the secretary receives the comptroller's certification under Section 171.302; and
>
> (2) the taxable entity does not revive its forfeited privileges within 120 days after the date that the privileges were forfeited.

Tex. Tax Code Ann. § 171.309. Section 171.252 of the Texas Tax Code provides that "[i]f the corporate privileges of a corporation are forfeited" then "the corporation shall be denied the right to sue or defend in a court of this state." Tex. Tax Code Ann. § 171.252.

The Fifth Circuit has addressed the consequences of charter forfeiture in two relevant decisions. In *Texas Clinical Labs, Inc. v. Leavitt*, 535 F.3d 397, 403–04 (5th Cir. 2008), the court held that a corporation whose charter was forfeited *after* it filed suit retained standing because the forfeiture did not strip the entity of its legal existence retroactively; the entity had possessed the capacity to sue at the time it initiated the action, and the post-filing forfeiture did not undo that capacity. Similarly, in *JSLG, Inc. v. City of Waco*, 504 F. App'x 312, 313–14 (5th Cir. 2012) (per curiam), the court permitted a corporation to continue litigating where the charter forfeiture occurred *after* the lawsuit had been initiated, reasoning that the entity's legal existence was not retroactively voided.

Both *Texas Clinical Labs* and *JSLG* are distinguishable from the present case. In each, the entity possessed a valid charter at the time it filed suit and lost its charter only after. It is undisputed that the Texas Secretary of State forfeited Edna Myrtle Holdings's charter on February 21, 2025, more than one year before it filed this lawsuit on February 27, 2026. (Docket Entry Nos. 1-4, 9). This is a pre-filing forfeiture. Edna Myrtle never possessed the legal capacity to initiate this action.

The rationale of *Texas Clinical Labs* and *JSLG* does not extend to an entity that lacked capacity from the outset.

Because Edna Myrtle lacked the capacity to sue when it filed this action, abatement is not the appropriate remedy. Dismissal without prejudice permits Edna Myrtle to revive its charter by satisfying its tax obligations and then refile this action. *See* Tex. Tax Code Ann. § 171.313 (providing for revival of forfeited charter upon payment of taxes, penalties, and interest); *see also* Tex. Bus. Orgs. Code Ann. § 11.253 (permitting reinstatement of terminated filing entity's certificate of formation).

SIGNED on October 27, 2026, at Houston, Texas.



Lee H. Rosenthal
Senior United States District Judge